Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@com.cast

ATTORNEY FOR PLAINTIFF AND
THE PUTATIVE CLASS

FILED
JUN 24 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

EDL

| | |
|---|---|
| ABDON SANTIAGO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL, a/k/a EAF; AHN H. REGENT d/b/a REGENT & ASSOCIATES; DOES 1-20,<br><br>Defendants.<br>/ | Case No.: CV 11 3158<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is a class action challenging the collection practices of Defendant debt collectors that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

2. The practices challenged in this action include the following:

a) failure to provide the information required by 15 U.S.C. § 1692g(a)(3) and

b) using false, deceptive and misleading representations in the collection of a debt, 15 U.S.C. § 1692e.

## II. JURISDICTION AND VENUE

3. Jurisdiction in this Court is conferred by 15 U.S.C.§ 1692k(d), and 28 U.S.C. §

1331. Supplemental jurisdiction is conferred by 15 U.S.C. § 1367. Declaratory relief is available under the authority of 28 U.S.C. § 2201. Venue is proper in this district because Defendants transact business in this district and Defendants' collection letter was received in this district.

### III. PARTIES

4. Plaintiff, ABDON SANTIAGO ("Mr. Santiago)is an adult person and a resident of this district. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant EQUABLE ASCENT FINANCIAL ("EAF") is a commercial company that uses institutions of interstate commerce in a business, the principal purpose of which is the collection of debts. Defendant EAF is a debt collector pursuant to 15 U.S.C. § 1692a(6).

6. Defendant AHN H. REGENT ("Regent") is a Texas licensed attorney with an office in Houston, TX. Defendant Regent is a debt collector pursuant to 15 U.S.C. § 1692a(6).

7. Defendant EAF employs Defendant Regent to collect defaulted consumer debts purchased by Defendant EAF from others.

8. Defendant EAF is liable for the actions of its attorney on whose behalf his actions are taken; Fox v. Citicorp, 15 F 3d 1507, 1515 (9th Cir. 1994).

9. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

### IV. FACTUAL ALLEGATIONS

10. Some time ago, Plaintiff entered into a credit transaction with Capital One (a non-party) who issued Plaintiff an account with a number ending in 8918 ("the account").

11. Plaintiff used the account to purchase consumer goods for his personal and family needs.

12. The account became past due and was sold or assigned to EAF.

13. EAF employed Regent to collect defaulted debts.

12. On or about November 15, 2010, Regent sent an initial collection

CLASS ACTION COMPLAINT FOR VIOLATION            SANTIAGO v. EQUABLE ASCENT et al.
OF THE FAIR DEBT COLLECTION PRACTICES ACT    2

1  letter to Plaintiff (Exhibit A). The letter is a form letter as noted at the lower right part of the
2  letter as EQ000342.

3      13.    Pursuant to 15 U.S.C. § 1692g(a)(3), Defendant is required to make
4  certain disclosures. As relevant in this action, the statute states that "[A] debt collector shall ...
5  send the consumer a written notice containing the following information:

> **Unless the consumer [you], within thirty days after receipt of the notice disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector.**

8      14.    Defendant Regent fails to provide the required notice by deleting the provision
9  regarding the assumption of the validity of the debt by the debt collector.

## V. FIRST CLAIM FOR RELIEF - VIOLATION OF THE FDCPA
### (Failure to Effectively Convey Plaintiff's Validation Rights)

16.    Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

17.    Defendant's violations include, but are not limited to, 15 U.S.C. § 1692 g(a)(3) as alleged in the aforesaid factual allegations.

## VI. SECOND CLAIM FOR RELIEF - VIOLATION OF THE FDCPA
### (Using False, Deceptive and Misleading Information in the Collection of Debt)

18.    Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

19.    Defendants violate 15 U.S.C. §§ 1692e by using false, deceptive and misleading information in the collection of a debt.

## VII. CLASS ALLEGATIONS

20.    Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

21.    The class consists of (a) all natural persons in California (b) to whom defendant sent a letter in the same of similar forms represented by Exhibit A to California consumers, (c) which letter was sent on or after a date one year prior to the filing of this action.

22.    Plaintiff alleges on information and belief based on Defendant's use of a form letter that the class is so numerous that joinder of all members is impractical. On information

CLASS ACTION COMPLAINT FOR VIOLATION            SANTIAGO v. EQUABLE ASCENT et al.
OF THE FAIR DEBT COLLECTION PRACTICES ACT     3

1 and belief there are more than forty (40) class members.

23. There are questions of law and fact common to the class, which common questions predominate over any questions involving only individual class members. The principal question is whether Defendant's letter in the same or similar form of Exhibit A violate the Federal FDCPA as alleged in Plaintiff's first and second claims for relief.

24. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class actions involving unlawful practices under the Federal FDCPA. Neither Plaintiff nor Plaintiff's counsel has any interests which would cause them not to vigorously pursue this action.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

    b. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

28. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated requests of this Court the following monetary and equitable relief:

29.

    A. An Order certifying that the action may be maintained as a class

action under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and Plaintiff's undersigned counsel to represent the Class.

    B.    Pursuant to 15 U.S.C. § 1692k(a)(2)(B) statutory damages of (a) $1,000.00 for the named Plaintiff and (b) a sum not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of Defendants for all other class members.

    C.    Reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k(a)2(B)(3).

    D.    Such other and equitable relief as this Court may deem necessary or proper.

    E.    Attorney's fees, litigation expenses and costs; and

    F.    Such other or further relief as the Court deems appropriate

Dated: 6-22-2011

/s/
Irving L. Berg
THE BERG LAW GROUP
433 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEY FOR PLAINTIFF AND PUTATIVE CLASS

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: 6-22-2011

/s/
Irving L. Berg

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT     5     SANTIAGO v. EQUABLE ASCENT et al.

LAW OFFICES OF
# REGENT & ASSOCIATES
**2650 FOUNTAIN VIEW DR., SUITE 233**
**HOUSTON, TEXAS 77057**

info@regentlaw.com

(713) 266-1458 TELEPHONE
(713) 490-7075 FACSIMILE
1-877-530-1000 TOLL FREE

November 15, 2010

ABDON SANTIAGO
C/O ABDON SANTIAGO
145 TOWN CENTER PMB 493
CORTE MADERA CA 94925

  RE: Debtor: ABDON SANTIAGO
     Creditor: EQUABLE ASCENT FINANCIAL
     EQUABLE ASCENT FINANCIAL LLC ASSIGNEE OF CAPITAL ONE
     Account Number(s): 5801000004038918
     Amount Claimed: $9,884.20

Dear ABDON SANTIAGO:

This office has been retained by the above-referenced client in their claim against you. Further this office has been instructed to initiate any and all necessary action in the enforcement of this claim, but before doing so, we are giving you the opportunity to clear this indebtedness. The consequences of your delinquency are viewed as serious. Therefore, demand is made upon you to pay the amount indicated above. All <u>payments</u> and correspondence should be directed to our offices.

Unless you, the recipient of this notice, within thirty (30) days after receipt, dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain verification of the debt, or a copy of a judgment, and mail it to you. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor. Notwithstanding the foregoing, this firm can proceed to take appropriate steps to secure payment of the debt prior to the expiration of the thirty days, unless you request verification.

Further, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Very truly yours,

REGENT & ASSOCIATES

**Plaintiff's Exhibit**
**A**

This letter is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Se' habla espanol

EQ000342