Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Facsimile)
irvberg@comcast.net (Email)

O. Randolph Bragg
PRO HAC VICE
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673
rand@horwizlaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDON SANTIAGO individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL, a/k/a EAF; AHN REGENT d/b/a REGENT & ASSOCIATES; DOES 1-20<br><br>Defendants. | Case No.: CV 11 -03158-EDL<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: October 14, 2011<br>Time: 10:00 a.m.<br>Judge: Honorable Charles R. Breyer<br>Location: Courtroom 6, 17th Floor<br>450 Golden Gate Ave, San Francisco, CA |

TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 14, 2011 at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 6 of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Charles R. Breyer, United States District Court Judge, Plaintiff will move this Court for an Order striking ¶¶ 29-41 from Defendants' complaint.

This motion is made pursuant to Fed. R. Civ. P. 12(f) and Civil L. R. 7-2 on the ground

that the affirmative defenses are not plead with sufficient particularity to provide Plaintiff with "fair" notice of the defenses being advanced and the pleadings fail to raise the alleged defenses beyond the speculative level.

    The motion is based on this <u>Notice of Motion to Strike Affirmative Defenses</u> and the <u>Memorandum of Points and Authorities to Strike Affirmative Defenses</u> filed herewith, and such other evidence, argument, and authorities which may be presented at or prior to the hearing before this Court on this Motion, and such other and further matters of which this may take judicial notice.

DATED: 9/05/2011

/s/
Irving L. Berg
O. Randolph Bragg

ATTORNEYS FOR PLAINTIFF

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Facsimile)
irvberg@comcast.net (Email)

O. Randolph Bragg
PRO HAC VICE
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673
rand@horwizlaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDON SANTIAGO individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL, a/k/a EAF; AHN REGENT d/b/a REGENT & ASSOCIATES; DOES 1-20<br><br>Defendants. | Case No.: CV 11 -03158<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: October 14, 2011<br>Time: 10:00 a.m.<br>Judge: Honorable Charles R. Breyer<br>Location: Courtroom 6, 17th Floor<br>450 Golden Gate Ave, San Francisco, CA |

Plaintiff, Abdon Santiago, ("Plaintiff"), by and through his attorneys submits the following Memorandum of Points and Authorities in Support of Motion to Strike Affirmative Defenses.

**I. INTRODUCTION**

Defendants are represented by the same law firm, Berman, Berman & Berman which filed the same answers as to each Defendant with the same affirmative defenses (Docs 7 and 9, ¶¶ 29-41). This motion is to strike the affirmative defenses set forth in each answer. The affirmative

defenses are at ¶¶ 29-41.

Plaintiff's motion is based on the ground that the defenses are not plead with sufficient particularity to provide Plaintiff with "fair" notice of the defenses being advanced and the pleadings fail to raise the alleged defenses beyond the speculative level.

## II. STATEMENT OF FACTS

In their Answer, Defendants set forth several conclusory statements with no factual support whatsoever contending they raise various alleged affirmative defenses. These defenses are at ¶¶ 29-41 as shown at Exhibit A.

## III. STANDARD OF REVIEW

Following the Supreme Court decision in *Ashcroft v. Iqbal*, Defendant's affirmative defenses are inadequate to survive the requirement for pleadings under the federal rules. Under Fed. R. Civ. 12(f), a Court may strike from a pleading an insufficient defense if it does not provide the Plaintiff with "fair notice" of the defense. The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.

Affirmative defenses are governed by the same pleading standard as complaints and must give Plaintiff fair notice of the defense being advanced. Affirmative Defenses are pleadings and subject to all pleading requirements of the Federal Rules of Civil Procedure.

## IV. ARGUMENT

Over the past two years, the Supreme Court markedly changed the standard required for pleading under Rule 8 of Federal Rules of Civil Procedure. First, in *Bell Atlantic Corp. V. Twombly*, the Court held that although Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Following this opinion, many lower courts concluded that the opinion extended beyond complaints arising under Articlr 1 of the Sherman Act, and that the Supreme Court had jettisoned the liberal notice pleading standard set forth in *Conley v. Gibson*. Other courts disagreed. They read *Twombly* to apply in antitrust litigation

only.

On May 18, 2009, the Supreme Court resolved the differences among the Courts and held that *Twombly* applies to all civil litigation. In *Ashcroft v. Iqbal*, the Supreme Court stated a Court must "draw the reasonable inference that the defendant is liable [and even w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line'" of the plausibility required to state a claim. Though there does not appear to be a Circuit level court that has addressed the issue, many district courts have found that *Twombly* and *Iqbal* apply to affirmative defenses.

Because a claim is plausible on its face if it "raises a right to relief above the speculative level" by pleading enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the same standard should be applicable to affirmative defenses. Some facts need to be set forth to alert the plaintiff to the defense. When no facts are asserted in support of an affirmative defenses, neither the *Twombly* or *Iqbal* standard has been met. The appropriate response is to strike the alleged defense.

Striking the defense follows the logic of *Iqbal*. The *Iqbal* case expounds beyond the plain language of Fed. R. Civ. P. 8. Thus, there is no reason to believe that the Supreme Court would not allow an affirmative defense to stand without providing material facts linking it to the legal theory. Merely listing "boiler plate" defenses without facts cannot survive after *Iqbal*.

Often a plaintiff is forced to plead generalities, because the facts necessary to detail an allegation are in the sole possession of a defendant. The specific information cannot be unmasked without discovery. Thus, a plaintiff may have plausible grounds in arguing why a fact exists within the sole control of the defendant. This has historically been the reason supporting a liberal pleading standard for a plaintiff. The same logic does not apply for a defendant pleading affirmative defenses. For example, if a defendant contends a claim is barred on bona fide error grounds, the defendant should know the specific bona fide error that occurred, or the facts on which the plaintiff has purportedly filed an untimely complaint. The defendant must set forth the facts in support of its affirmative defense. The plaintiff should not be left guessing, "What is the claimed bona fide error?" "What is the date that triggered the limitations period as contended by

the defendant?"

In deciding which defenses to plead, the defendant must apply facts to law. It is not too much to ask that a defendant disclose the facts with each of its affirmative defenses. Having failed to do so requires the defense to be stricken pursuant to Fed. R. Civ. P. 12(f).

*Iqbal* requires a plaintiff to do more than plead something more than mere "labels and conclusions." A defendant should be held to the same standard; a defendant should not be able to assert defenses hoping to find at a later date some fact that supports the defense. In this instance, Defendant has not set forth sufficient facts to support any of its affirmative defenses. It is impossible to determine if any of the defenses labeled in ¶¶ 29-41 of Defendant's Answer are plausible on their face. Therefore, Plaintiff requests that each of these defenses be stricken pursuant to *Iqbal*.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court strike ¶¶ 29-41 from Defendants' answer.

DATED: 9/05/2011

/s/
Irving L. Berg
O. Randolph Bragg

ATTORNEYS FOR PLAINTIFF

belief as to the truth or falsity of the allegations set forth in paragraph 28 of Plaintiff's Complaint, and therefore denies same.

### AFFIRMATIVE DEFENSES

#### FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:

29. Neither the Complaint nor any cause of action thereof states facts sufficient to constitute a cause of action against EAF.

#### FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:

30. The Complaint is barred as against EAF by the Statutes of Limitation, including, but not limited to, 15 U.S.C. Section 1692k(d), Civil Code Sections 1783 and 1788.30(f), and Code of Civil Procedure Sections 335.1, 338, 340 and 343.

#### FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:

31. If Plaintiff suffered any damages, which EAF specifically denies, said damages were the proximate result of the sole actions of persons and/or entities over whom EAF had no control, and any recovery against EAF must be barred or reduced in proportion to the amount of fault attributable to said persons and/or entities.

#### FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:

32. Plaintiff's Complaint is barred under the equitable doctrine of Laches.

#### FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:

33. Plaintiff's Complaint is barred under the doctrine of Unclean Hands.

Plaintiff's Exhibit A

<u>FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES</u>:

34. That EAF is entitled to the right of indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed incident or alleged injuries.

<u>FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES</u>:

35. That EAF is entitled to the right of contribution from any person whose negligence proximately contributed to the happening of the claimed incident or alleged injuries if said Plaintiff should receive a verdict against EAF.

<u>FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES</u>:

36. That Plaintiff, by her actions, has waived the right, if any, to seek the relief requested in the Complaint.

<u>FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES</u>:

37. That Plaintiff failed to mitigate her damages, if any, in that she failed to use reasonable diligence in caring for her injuries and reasonable means to prevent aggravation of said injuries.

<u>FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES</u>:

38. The purported violations of the federal and state Fair Debt Collections Practices Act were not intentional and resulted from a bona fide error, despite the maintenance of procedures reasonably adopted to avoid any such violation(s).

**FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:**

39. EAF cured any purported violations of the Fair Debt Collection Practices Act within the time permitted under Civil Code Section 1788.30(d).

**FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:**

40. Plaintiff has neither alleged the existence of any putative class nor the right to proceed on behalf of any such putative class.

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, EAF IS INFORMED AND BELIEVES, AND BASED THEREON ALLEGES:**

41. EAF alleges that it may have other, separate, and additional defenses of which it is not presently aware, and hereby reserves the right to assert them by amendment to this answer when discovery is complete.

WHEREFORE, having fully answered, Defendant EQUABLE ASCENT FINANCIAL prays that Plaintiff take nothing by virtue of her Complaint, that judgment be entered in favor of Defendant, and against Plaintiff, and that Defendant be awarded costs of suit and attorneys' fees incurred herein and for such other and further relief as the court deems proper.

Dated: August 2, 2011

BERMAN, BERMAN & BERMAN, LLP

By: /s/ SPENCER A. SCHNEIDER
Attorneys for Defendants,
ANH REGENT dba REGENT & ASSOCIATES
and EQUABLE ASCENT FINANCIAL