Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Facsimile)
irvberg@comcast.net (Email)

O. Randolph Bragg
PRO HAC VICE
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673
rand@horwizlaw.com

ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS

Tomio Narita
Arvin C. Lugay
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDON SANTIAGO individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>EQUABLE ASCENT FINANCIAL, a/k/a EAF; AHN REGENT d/b/a REGENT & ASSOCIATES; DOES 1-20<br><br>　　　　　Defendants. | Case No.: CV 11-03158 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: March 23, 2012<br>Time: 8:30 a.m.<br>Location: U.S. District Court<br>450 Golden Gate Avenue<br>San Francisco, CA<br>Courtroom 6, 17th Floor |

The parties make the following representations and recommendations:

**1.    JURISDICTION AND SERVICE**

All parties have been served.  This Court's jurisdiction is based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

There are no issues regarding personal jurisdiction or venue.

**2.    STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Per Plaintiff: Plaintiff entered into a credit transaction with Capital One (a non-party). The account was used by Plaintiff for the purchase of goods and services for himself and his

family.

The account went into default and was sold or assigned to Equable Ascent Financial ("EAF").

EAF employed Ahn H. Regent ("Regent") to collect Plaintiff's defaulted debt and other consumer debt which EAF had purchased from consumer credit grantors.

Defendant EAF is a debt collector pursuant to 15 U.S.C. § 1692a(6).

Defendant Regent is a Texas licensed attorney with an office in Houston, TX.  Defendant Regent is a debt collector pursuant to 15 U.S.C. § 1692a(6).

At all times Defendant EAF was acting by and through its agent Regent in sending collection letters to Plaintiff and members of the putative class.  The Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a) ("FDCPA"), requires the debt collector in its initial collection communication or within 5 days thereof to inform the consumer that

> **Unless the consumer [you], within thirty days after receipt of the notice disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the <u>debt collector.</u> [Emphasis Added].**

Defendant Regent failed to provide the required notice by deleting the provision regarding the assumption of the validity of the debt is only by the debt collector.

Per Defendant: Defendants have filed an Answer to the complaint that disputes the accuracy of many of the factual and legal issues identified by plaintiff and that sets forth various affirmative defenses.

**3.    STATEMENT OF LEGAL ISSUES**

Per Plaintiff: The validation notice sent to Mr. Santiago by Defendants was invalid because the notice omitted "by the debt collector," or language to that effect, from the "assumed to be valid" portion of the validation notice as required by 15 U.S.C. § 1692g(a)(3). <u>Pierce v. Carrington Recovery Services, LLC</u>, 2009 WL 2525465 (W.D.Pa., Aug. 17, 2009); <u>Smith v. Hecker</u>, 2005 WL 894812, *6 (E.D.Pa. April 18, 2005) ("the least sophisticated debtor may be led to believe that unless she disputes the validity of the debt asserted by the debt collector, her debt will be determined to be valid by a court, credit reporting agency, or other entity of authority.")  Omission of pertinent language from the validation notice violates the FDCPA.

Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir. 2005); (addition of an "in writing" requirement to § 1692g(a)(a)(3)); Baker v. G.C. Servs. Corp., 677 F.2d 775 (9th Cir.1982); (omission of the "or any portion thereof" language from § 1692g(a)(a)3)); Bicking v. Law Offices of Rubenstein and Cogan, — F.Supp.2d —, 2011 WL 1740156, *3 (E.D.Va., May 5, 2011). (omission of the "in writing" requirement from § 1692g(a)(a)(4) and (5)).

    The FDCPA imposes direct liability on EAF for the wrongdoing of its lawyer Regent. EAF acquired the debt allegedly owed by Mr. Santiago after it was in default. EAF is in the business of purchasing defaulted debts and attempting to collect them. Purchasers of debt in default, such as EAF, are "debt collectors" within the coverage of 15 U.S.C. 1692a(6). Ruth v. Triumph P'Ships, 577 F.3d 790, 796-97 (7th Cir. 2009); Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3rd Cir. 2000). Pursuant to 15 U.S.C. § 1692g(a) debt collectors are required to provide consumers with a proper validation notice. Swanson v. Southern Or. Credit Serv., 869 F.2d 1222 (9thCir. 1988). Here EAF used its lawyer, Ahn Regent, to send the validation notice to Mr. Santiago. "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken." Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994). "In general, an attorney is the agent of his or her client, and a client will be held responsible for the actions the attorney takes within the scope of the client's authorization. It is unlikely Congress intended to permit a debt collector to avoid liability for violations of the FDCPA disclosure requirements simply by hiring a law firm to make court filings that would otherwise be subject to the statute." Hauk v. LVNV Funding LLC, 749 F.Supp2d 358, 366-67 (D.Md 2010).

    Thus, EAF is directly liable for violation of the FDCPA in an amount of statutory damages of up to $500,000 or 1% of its net worth whichever is less pursuant to 15 U.S.C. § 1692k(a)(2)(B).

    Per Defendant: Defendants deny the legal and factual assertions identified by plaintiff above. If settlement reached by the parties cannot be enforced for any reason, Defendants intend to move for summary judgment.

**4.    MOTIONS**

Per Plaintiff: Plaintiff will file a motion for class certification within 30 days hereof.

Per Defendant: If the settlement reached by the parties cannot be enforced for any reason, Defendants intend to move for summary judgment.

**5.    AMENDMENT OF PLEADINGS**

None anticipated.

**6.    EVIDENCE PRESERVATION**

Parties have agreed to preserve evidence.

**7.    DISCOVERY**

Plaintiff has served written discovery that has been answered by Defendants. Depositions have not been scheduled or taken.

**8.    CLASS ACTIONS**

Per Plaintiff: This matter is brought as a class action. Through the mediation process the parties have discussed a proposed settlement and reached an agreement on a class basis. Document No. 40. Class action settlement documents have been prepared, but Defendants have failed to execute the settlement documents.

Per Defendant: Defendants agree that a settlement was reached by the parties. The settlement documentation provided by plaintiff, however, does not reflect what was agreed to by the parties. Defendants request that the Court direct the parties to return to the assigned mediator in this case, Constance Yu, in order to get the settlement documentation finalized.

**9.    RELATED CASES**

There are no related cases or other actions pending before any other court.

**10.    RELIEF**

Plaintiff and the proposed class seek monetary damages per 15 U.S.C. §1692k(a), i.e. $500,000 or 1% of the net worth of Defendants, whichever is greater plus costs and attorneys fees.

**11.	SETTLEMENT AND ADR**

Per Plaintiff: The parties have conducted mediation with an oral agreement to settle on a class basis.  Written class action settlement documents have been prepared, but Defendants have failed to execute them for filing.  Plaintiff does not believe that further mediation will be fruitful.

Per Defendant: Defendants agree that a settlement was reached by the parties.  The settlement documentation provided by plaintiff, however, does not reflect what was agreed to by the parties.  Defendants request that the Court direct the parties to return to the assigned mediator in this case, Constance Yu, in order to get the settlement documentation finalized.

**12.	CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiff has consented to a magistrate judge to hear the case.

**13.	OTHER REFERENCES**

No other references are appropriate at this time.

**14.	NARROWING OF ISSUES**

None anticipated.

**15.	EXPEDITED SCHEDULE**

This case is not amenable to handling on an expedited basis.

**16.	SCHEDULING**

The parties propose a trial date be set upon completion of mediation.

Per Plaintiff: The parties propose that the discovery cut-off be June 10, 2012, that the date for designation of experts be June 22, 2012, that the date for hearing summary judgment motions be the week of June 22, 2012 and that the trial date be after August 6, 2012.  Should the agreement to settle fail, these dates must be rescheduled.

Per Defendant: Defendants do not believe that the Court should set any pretrial deadlines at this time.  Instead, Defendants request that the Court direct the parties to return to the assigned mediator in this case, Constance Yu, in order to get the settlement documentation finalized.

**17.	TRIAL**

Plaintiff and Defendants have demanded a jury.

The trial will be a jury trial, and the length of trial is expected to be 2-3 days.

**18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON**

A certificate of Non-Party Interested Entities or Persons has been filed by the parties.

Plaintiff has no disclosures to make.

**19.   OTHER MATTERS**

The parties have no other matters to disclose at this time.

DATED: March 16, 2012                         /s Irving L. Berg/
                                                                Irving L. Berg
                                                                O. Randolph Bragg

                                                                ATTORNEYS FOR PLAINTIFF

DATED: March 16, 2012                         /s Tomio B. Narita/
                                                                Tomio Narita
                                                                Arvin C. Lugay

                                                                ATTORNEYS FOR DEFENDANTS