UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDON SANTIAGO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUABLE ASCENT FINANCIAL, LLC. And AHN REGENT, LLC.,<br><br>        Defendants. | No.: C-11- 3158-CRB<br><br>**[PROPOSED] ORDER APPROVING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>: |

EXHIBIT B

Upon review and consideration of the Joint Motion for Preliminary Approval of Class Action Settlement ("Motion"), the Settlement Agreement, and the attachments to each which have been filed with the Court, and having conducted a hearing on the Motion and good cause appearing, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Parties have agreed to settle this Action upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court.

2. The Court has reviewed the Settlement Agreement as well as the files, records, and proceedings to date in this matter. The capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. Based upon a preliminary examination, the Court finds that the Settlement Agreement of the Parties substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Class without the risk, burden, cost, or delay associated with continued litigation, trial, and/or appeal; the Settlement Agreement appears fair, reasonable, adequate, and in the best interests of the Class; the Class should be certified for settlement purposes subject to Paragraph 19 below; and a hearing should be held after notice to the Class to determine whether the Settlement Agreement is fair, reasonable, and adequate and whether Final Judgment and a dismissal with prejudice of the Action should be entered in this Action based upon the Settlement Agreement.

4. The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate. The Court finds that: (a) the Settlement Agreement is the result of arms' length negotiations between experienced attorneys familiar with the legal and factual issues of this case; (b) all members of the Class are treated fairly under the Settlement Agreement; (c) the Settlement Agreement is sufficient to warrant notice of the Settlement and the Final Approval Hearing to members of the Class as described in Paragraph 12 below; and (d) the Settlement Agreement meets all applicable requirements of law.

5. The Court certifies, for settlement purposes only, the Class as defined in the Complaint as follows: (i) all persons who were sent at an address in California (ii) a letter from Defendants in the form of Exhibit A (iii) regarding a debt incurred for personal, family or household

purposes (iv) which was not returned undelivered by the U.S. Post Office (v) during the one year period before filing this action through the date of certification.

7. In connection with the certification for settlement purposes only, the Court makes the following preliminary findings:

(a) The Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Class, and such questions predominate over questions affecting only individual Class Members;

(c) The claims of the named Plaintiff is typical of those of the proposed Class;

(d) The named Plaintiff is capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement Agreement;

(e) For purposes of settlement, a settlement with the above-described Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

8. In making the findings set forth in Paragraph , the Court finds that the Class warrants certification for settlement purposes only on a California-wide basis. Named Plaintiff Abdon Santiago is designated as Class Representative.

9. The Court appoints O. Randolph Bragg of Horwitz, Horwitz & Associates, LTD. and Irving L. Berg as Class Counsel. For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Class Counsel.

10. First Class, Inc. is hereby appointed as Claims Administrator and shall perform all of the duties of the Claims Administrator set forth herein as well as in the Settlement Agreement.

11. A Final Approval Hearing shall be held before this Court on Feb. 08, 2013 Courtroom 6, 17th Floor of the U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102 at 10:00 a.m. to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before Jan. 18, 2013 Pursuant to Rule 54(d)(2), documents

supporting the award of attorneys' fees, costs, and expenses shall be filed with the Court within thirty (30) days of the Final Order Approving Class Action Settlement  The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Final Approval Hearing, the Court may, in its discretion, enter Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being settled.

12. On or before __Sept. 28__, 2012, Defendants shall complete dissemination of the notice of the Settlement Agreement and Final Approval Hearing in the form of Exhibit D attached to the Joint Motion for Preliminary Approval of Class Action Settlement to the members of the Class by directly mailing notice, by First-Class Mail, to the last-known addresses of the Class Members as reflected in Defendants' records as updated by use of the National Change of Address system ("NCOA").

13. The Court finds that the contents of the notice in the form of Exhibit D attached to the Joint Motion for Preliminary Approval of Class Action Settlement and the manner of its dissemination described in Paragraph 12 is the best practicable notice under the circumstances and is reasonably calculated to apprise the members of the Class of the pendency of this action, the terms of the Settlement Agreement, and their right to object to the Settlement or exclude themselves from the Class. The Court further finds that the form of the notice is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process.

14. Each member of the Class who wishes to enter an appearance in the Action may do so by filing an appearance with the Court by __Dec. 31__, 2012.

15. Each member of the Class who follows the procedure set forth in this Paragraph shall be excluded from the Class. Any potential member of the Class who wishes to be excluded from the Class must send a written request for exclusion to the Claims Administrator, via First-Class Mail. The written exclusion request must be received by the Claims Administrator no later than __Dec. 31__, 2012. The written exclusion request must include the name and number of this case, the

Class Member's name, address and telephone number, and must be signed by the Class Member. All persons who properly make a request for exclusion from the Class shall not be a Class Member and shall have no rights with respect to the Settlement Agreement, should the Settlement Agreement be approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment and order of dismissal with prejudice entered by this Court.

16. Any member of the Class who has not timely submitted a written request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness or adequacy of the Settlement Agreement, the incentive award, or the attorneys' fees, costs and expenses sought. Class Members may do so either on their own or through counsel hired at their own expense. Any Class Member who wishes to object to the Settlement Agreement must first file a Notice of Intention to Appear and Object ("Objection") with the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, California 94102 by ____Dec. 31__, 2012. The Objection must contain the following: (i) a notice of the objector's intention to appear at the Final Approval Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Class Member; (v) any legal authority that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony.

17. In the event the Settlement Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment and order of dismissal with prejudice as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to

for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of a Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Class had never been certified pursuant to the Settlement Agreement and such findings had never been made, and the Action shall return to the procedural status quo before the filing of the Motion;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law, including but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

(d) Nothing in this Order or Action pertaining to the Settlement Agreement shall be used as evidence in any other proceeding in this case, including but not limited to, motions or proceedings seeking treatment of this case as a class action;

(e) Nothing in this Order or pertaining to the Settlement Agreement, may be deemed, or shall be used, offered or received against Plaintiff or Defendants, as an admission, concession or evidence of the validity of any claim released in this Action or that the certification of an adversarial class pursuant to any such claim is otherwise valid in any context outside of this Settlement Agreement; and

(f) All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

18. Pending final determination of whether the proposed Settlement should be approved, no Class member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Parties in any court or tribunal asserting any of the claims released in this Action, provided, however, that this bar shall not apply to individual claims of any Settlement Class Members who validly and timely exclude themselves from the Settlement Class. This injunction is necessary to protect and effectuate the proposed settlement, this Order, and this Court's authority to effectuate the proposed settlement and to enter Final Judgment when appropriate.

19. Upon the agreement of Class Counsel and Defendants' counsel, the Parties are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED.**

DATED: 8/28, 2012



Charles R. Breyer
United States

– 7 –
ORDER