IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDON SANTIAGO individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL, A/K/A EAF; AHN REGENT D/B/A REGENT & ASSOCIATES; DOES 1-20<br><br>Defendants. | No. C 11-3158 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS** |

Presently before the Court is Plaintiff Abdon Santiago's Motion for an Award of Attorneys' Fees and Costs following a settlement in a Fair Debt Collection Practices Act (FDCPA) class action. (dkt. 60). Santiago's Motion for an Award of Attorneys' Fees and Costs is GRANTED in part and DENIED in part.

## I. BACKGROUND

Santiago alleged that Equable Ascent Financial's ("Equable") debt-collection form letter omitted important words from a disclosure required by the FDCPA. The omission consisted of leaving out the words "by the debt collector" from the required disclosure that, if the debtor does not dispute the validity or amount of the debt within thirty days, "the debt will be assumed to be valid by the debt collector." The settlement, which was approved in February 2013, provided relief in the form of a $9 payment to each of the 2,794 potential class members, for a total payment of $25,146. Santiago, as the Class Representative,

received $3,500 ($2,500 incentive payment plus $1,000 statutory damages), pursuant to 15 U.S.C. § 1692k(a)(2)(A)-(B). Both sides treat Santiago as the "prevailing party" for the purpose of awarding attorneys' fees. Memo (dkt. 61) at 4; Opp'n (dkt. 62) at 3.

Santiago seeks to recover $95,689.06 in attorneys' fees and costs billed by his lawyers, Irving L. Berg ("Berg") and O. Randolph Bragg ("Bragg").[1] Reply (dkt. 67) at 9; Supp. Bragg Decl. (dkt. 69) ¶ 9. Berg has billed 65.3 hours at a rate of $450 per hour for a total of $29,385. Berg Decl. (dkt. 60-1) at 1. Bragg, Santiago's out-of-state counsel, has billed 115.5 hours at $495 per hour for a total of $57,172.50. Bragg. Decl. (dkt. 60-2) ¶ 18. Santiago also requests that the Court award him $850 in fees for work done by Bragg's paralegal, Shannon Carter ("Carter"), and $3,606.31 in travel expenses. Id. ¶ 19. In addition, Santiago seeks to recover $13,789.50 for time that Bragg spent litigating attorneys' fees. Supp. Bragg Decl. ¶ 9. Santiago's lawyers have voluntarily reduced their combined fee by 10% to address any errors or duplications in their billing. Mot. at 4.

Equable objects to paying these fees on the grounds that the attorneys' hourly rates are excessive, the hours billed include non-recoverable clerical work, some work billed at a lawyer's rate should have been billed at a paralegal's rate, the initial work done by the out-of-state lawyer is not recoverable, the travel time and costs of the out-of-state lawyer are not recoverable, and the time records of Santiago's attorneys include inconsistent, erroneous and excessive entries. See generally Opp'n. On those grounds, Equable requests that the Court grant attorneys' fees to Santiago in the amount of $25,395.00, roughly $70,000 less than Santiago requests. Id. at 15.

## II. LEGAL STANDARD

Parties who prevail in actions brought under the FDCPA may recover reasonable attorneys' fees and costs from the opposing side. 15 U.S.C. § 1692k(a)(3). Fees may be

---

[1] It was difficult to follow the math used by Santiago to arrive at the total requested amount of attorneys' fees because the lawyers made mathematical errors (see Reply at 9), reduced their hours billed, and deducted 10% of most but not all of their fees. Consequently, this number reflects the final total amount requested in the Reply plus the amount requested for litigating attorneys' fees.

2

awarded pursuant to a settlement, just as they may be pursuant to a judgment. Friend v. Kolodzieczak, 72 F.3d 1386, 1391 (9th Cir. 1995).

To calculate attorneys' fees awarded under § 1692k, district courts must utilize the lodestar method. Camacho v. Bridgeport Fin., 523 F.3d 973, 978 (9th Cir. 2008). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting the hours and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In determining the appropriate lodestar amount, the court may exclude from the fees requested any hours that are "excessive, redundant, or otherwise unnecessary." Id. at 434. In addition to settling the number of hours, the court must also determine a reasonable hourly rate, "considering the experience, skill, and reputation of the attorney requesting fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

A district court may only reduce fees by more than 10% of what was requested if the court specifically explains the reasons for the reductions. Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). The "time spent in establishing the entitlement to and amount of the fee is compensable." Camancho, 523 F.3d at 981 (citing In re Nucorp Energy, Inc., 764 F.2d 655, 659-660 (9th Cir. 1985).

**III.    DISCUSSION**

**A.    Attorneys' Hourly Rate**

The Court determines that Santiago shall recover hours at the rate of $425 for Berg and $475 for Bragg. To determine a reasonable hourly rate for the work performed by Santiago's counsel, the Court must look at the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997). The relevant community is the forum where the district court is located. Id. at 500. For purposes of Santiago's fee motion, then, the relevant community is the Northern District of California. The party seeking fees has the burden of

3

providing evidence, including their own affidavit, that their hourly rate is in-line with similarly experienced lawyers in the relevant community. Camancho, 523 F.3d at 979. One factor bearing on the reasonableness is the rate that the prevailing party's counsel have received in recent cases in the relevant community. Id. at 980. If the prevailing party has produced sufficient evidence that their attorneys' requested hourly rates are reasonable, the evidentiary burden transfers to the defendant, who then has a burden of rebuttal to submit evidence challenging the accuracy of the facts submitted by the prevailing party. Garcia v. Resurgent Capital Servs., L.P., No. C-11-1253 EMC, 2012 WL 3778852 at *2 (N.D. Cal. Aug. 30, 2012).

Santiago has submitted affidavits from lawyers with experience in the Northern District of California stating that Berg's and Bragg's hourly rates of $450 and $495, respectively, are reasonable for lawyers with their skills and levels of experience. Schwinn Decl. (dkt. 60-5); Wilcox Decl. (dkt. 60-6). The Schwinn declaration states that a reasonable hourly rate for handling consumer law issues of similar complexity range from $250 to greater than $500 and that the skill, experience, and reputations of Bragg and Berg warrants rates at the higher end of that spectrum. Schwinn Decl. ¶ 10. The Wilcox declaration states that the reasonable rates for the two attorneys are "well above" the amounts they have requested. Wilcox Decl. ¶¶ 3-4.

To support its request for a lower hourly rate, Equable has submitted competing affidavits from local attorneys who state that a reasonable rate is only $300 per hour. Coleman Decl. (dkt. 62-2); Ellis Decl. (dkt. 62-3); Kaminski Decl. (dkt. 62-4); Weickhardt Decl. (dkt. 62-5). Coleman, a lawyer who has been practicing FDCPA defense in California for the last fourteen years, states that the highest rate a client would pay for legal services of the type performed by Plaintiff's attorneys in this case is $300 per hour. Coleman Decl. ¶ 9. Ellis, another experienced FDCPA defense attorney who practices in the Northern District of California, believes that his clients would be unwilling to pay more than $350 per hour for the services performed by Berg and Bragg. Ellis Decl. ¶ 6.

4

The declarations submitted by Equable in support of a reduced hourly rates come from attorneys who primarily practice FDCPA defense. While the Court does not doubt that the statements by these attorneys reflect <u>their</u> clients' preferences, they have not addressed the reasonable assertion made by Santiago that the market for lawyers who represent plaintiffs in consumer actions, and often work on a contingency basis, demands a higher rate than what is appropriate for defense attorneys. Reply at 7-8. Furthermore, courts in the Northern District have previously awarded Berg and Bragg hourly rates similar to what they request here. <u>Hunt v. Imperial Merch. Serv.</u>, No. C-05-04993 DMR, 2010 WL 3958726, *6 (N.D. Cal. Oct. 7, 2010) (awarding $480 per hour for Bragg and $425 per hour for Berg); <u>Carrizosa v. Legal Recovery Serv.</u>, No. 05-CV-02280 RMW, 2011 WL 1674964, * 1 (N.D. Cal. May 3, 2011) (awarding Bragg $480). Consequently, the Court awards attorneys' fees at the rate of $425 per hour to Berg and $475 per hour to Bragg.

**B.  Clerical Work**

The Court reduces the attorneys' fees requested by Santiago to eliminate the clerical work included in his lawyers' time sheets. Fees for work that is clerical in nature are considered part of normal overhead costs and are not included in recoverable hours. <u>Nadarajah v. Holder</u>, 569 F.3d 906, 921 (9th Cir. 2009). In <u>Nadarajah</u>, the Ninth Circuit identified tasks such as mailing, obtaining transcripts, researching filing procedures, the time spent recording hours worked, and collecting documents as examples of clerical work that are not billable. <u>Id.</u> Equable has objected to 8 hours billed by Berg and 3.9 hours billed by Bragg on the grounds that they were for clerical work. Narita Decl. (dkt. 62-1) Exs. A & B.

The Court's review of the time sheets submitted by both Berg and Bragg reveals a number of entries for the kind of clerical work that Nadarajah deemed unrecoverable, including scheduling, fee collection, record keeping, and filing. Berg's records contain fourteen entries for clerical work, including tasks such as "preparing mailing of motion to court." <u>Id.</u> Ex. A. Berg argues that, due to the small size of his law office, it is more efficient for him to perform these clerical tasks himself than to delegate them to support staff. Reply at 3. The challenges of running a small law office do not exempt Berg from the rule

5

1  prohibiting lawyers from billing clerical work at an attorney's rate. Gundy v. Colvin, No.
2  3:09-CV-05111-KLS, 2013 WL 1914398, at *4 (W.D. Wash. May 8, 2013).

3  Bragg's records contain 21 entries for clerical work, a majority of which are for
4  scheduling and record keeping. Narita Decl. Ex. B. A few of the entries in Bragg and Berg's
5  time sheets that Equable challenges were for work that was reasonably billed at an attorney's
6  rate. For example, Equable challenges Berg's valid entries for telephone conferences and
7  research, Id. Ex. A (6/20/2011, 8/4/2011, 8/11/2011), and Bragg's entries for reviewing ECF
8  Civil Minutes and revising a motion to appear by telephone. Id. Ex. B (4/26/2012, 8/8/2012.
9  8/23/2012). For the foregoing reasons, 6 hours and 2.6 hours, respectively, shall be deducted
10 from Berg's and Bragg's recoverable hours for clerical work included in their time sheets.

**C.     Hours Billed at Attorney's Rate for Paralegal Work**

12  The Court will award a paralegal's rate rather than an attorney's rate for certain hours
13 billed by Santiago's attorneys. Although reasonable attorneys' fees are available to
14 "compensate the work of paralegals" as well as attorneys, work done by lawyers that only
15 requires the skill level of a paralegal should be billed at a paralegal's rate. Missouri v.
16 Jenkins, 491 U.S. 274, 288 (1989). In Jenkins, the court held that factual investigation,
17 document production, and drafting correspondence were types of work that could be
18 performed by a paralegal and should not be billed at a lawyer's rate simply because they
19 were performed by an attorney. Id.

20  Equable argues that 0.4 of Berg's hours and 1.4 of Bragg's hours should have been
21 billed at a paralegal's rate instead of a lawyer's rate because of the skill level required to
22 perform the tasks. Narita Decl. Exs. A & B. Santiago, by failing to respond, concedes the
23 point.

24  Two entries that Berg billed at his hourly rate will be awarded at a paralegal's rate
25 because they include simple tasks such as preparing a stipulation to continue a case
26 management conference. Narita Decl. Ex. A (9/21/2011, 10/15/2011). These entries total
27 0.4 hours. Id. Ex A. Another five entries that Bragg billed at his hourly rate, such as
28 updating the addresses of class members, will also be billed at a paralegal's rate. Id. Ex. B

6

(8/06/2012, 8/29/2012, 9/21/2012, 1/10/2013, 1/15/2013). These entries total 1.4 hours. Id. Ex. B. Accordingly, 0.4 hours of Berg's time and 1.4 hours of Bragg's time shall be awarded at a paralegal's rate. In addition, the hours billed by his paralegal, Carter, shall be recovered at her hourly rate of $125 per hour.[2]

### D. Fees for Work Done Prior to Applying to Appear *Pro Hac Vice*

The Court determines that Santiago shall recover fees for the work his out-of-state lawyer, Bragg, did before receiving permission to appear *pro hac vice*. The Ninth Circuit has held that an out-of-state attorney can recover fees for work so long as the attorney (1) was eligible to be admitted *pro hac vice* as a matter of course, or (2) did not "appear" before the court. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 822-23 (9th Cir. 2009). Santiago may receive Bragg's pre-admission fees under either of the Winterrowd tests.

First, Bragg was "eligible" for *pro hac vice* admission in the Northern District.[3] Indeed, Equable does not contest that Bragg could have been admitted as a matter of course. See Opp'n at 8. Second, Bragg did not "appear" before this Court. Although Winterrowd did not define exactly what constitutes an "appearance," it did conclude that a lawyer who did not sign briefs, did not argue cases, and who filtered his work through an in-state attorney had not "appeared" before the court. Winterrowd, 556 F.3d at 824. Central to the court's determination of whether an out-of-state lawyer had appeared was whether the lawyer's activities established legal duties between him and the in-state client prior to being admitted to appear *pro hac vice*. Id. at 821.

---

[2] Equable argues that hours billed by Carter, Bragg's paralegal, should not be recoverable because Santiago did not submit her credentials along with his motion in accordance with Local Rule 54-5(b)(3). Santiago submitted her credentials in his Reply. The Court excuses Santiago's minor oversight and awards fees for the paralegal's hours.

[3] The Northern District allows lawyers to be admitted *pro hac vice* if (1) they are active members in good standing of another bar (2) they "agree to abide by the Standards of Professional Conduct"; and (3) a member of the bar of this court is designated as co-counsel. Civ. L.R. 11-3(a). Bragg is a member of good standing of the Illinois bar. Bragg Decl. (dkt. 60-2) ¶ 2. Berg, a member of the bar of this Court, was designated as Bragg's co-counsel before his admittance. Berg Decl. (dkt. 60-1) at 1. Bragg filed his successful application to appear *pro hac vice* on August 26, 2011, indicating he agreed to abide by the rules of the court.

7

1   The legal tasks that Bragg submitted in his time sheet prior to being admitted were
2   nearly identical to the work that the court in Winterrowd held did not constitute an
3   "appearance." Bragg, like the out-of-state lawyer in Winterrowd, engaged in reviewing
4   pleadings, researching relevant law, and advising his in-state co-counsel. Bragg Time Sheet
5   (dkt. 60-3) at 1-2. He did not bill time for any work that included interactions with his client
6   or opposing counsel.[4]

### E.     Travel Time

The Court awards Santiago attorneys' fees and costs for his out-of-state attorney's travel. A lawyer's travel time is recoverable at a professional hourly rate because time spent traveling is time the attorney could not spend performing legal services for clients. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 (9th Cir. 1986); In re Pine, 705 F.2d 936, 938 (7th Cir. 1983). Travel costs are also recoverable because they would normally be charged to a client paying their own attorneys' fees. Chalmers, 796 F.2d at 1216; In re Pine, 705 F.2d at 938.

Equable argues that Bragg's travel fees are unreasonable on two grounds. First, it asserts that Bragg can only recover fees for travel time that was spent working on the case. For example, it argues that hours billed as "travel back to Chicago" cannot be recovered because no specific legal work was accomplished during the time. Opp'n at 10. This argument is not persuasive because it ignores the rationale underlying the general rule that attorney travel time is recoverable.

Equable next argues that it should not have to compensate Santiago for his choice to acquire an out-of-state lawyer when he already had a local attorney. Id. No case law supports such an argument, and this Court declines to create a new rule that plaintiffs must exhaust local markets before hiring an out-of-town lawyer. Cf. Johnson v. Credit Int'l Inc., 257 F. App'x 8, 11 (9th Cir. 2007).

---

[4] Equable argues that fees for this work are not recoverable under Shapiro v. Paradise Valley School Dist. No. 69, 374 F.3d 857, 861-62 (9th Cir. 2004). However, Shapiro dealt with attorneys' fees related to work in state administrative proceedings and turned on Arizona law, whereas Winterrowd explained that fees related to work done in federal district court turn on district court rules and federal law. 556 F.3d at 822.

8

### F. Excessive Hours Billed

Equable asserts that the time sheets of both attorneys contain entries in which the lawyers spent excessive time on tasks given their experience in this area of law. Narita Decl. Exs. A (1/13/2012, 2/11/2013, 2/7/2013) & B (1/3/2012, 4/23/2012, 5/7/2012, 6/3/2012, 10/22/2012). However, Moreno urged courts "to defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." 534 F.3d at 1112. The entries that Equable has contested as excessive mostly consist of tasks lasting less than 2 hours. Equable has provided no basis for concluding that the relatively small amount of contested time was unreasonable. Accordingly, the Court determines that Santiago's award of attorneys' fees shall not be reduced due to any unreasonable time spent preparing for the case.

### G. Vague Record Entries

The hours billed by Santiago's attorney, Berg, shall be reduced because certain entries are too vague for the Court to determine if they are reasonable. When the documentation provided by the party requesting attorneys' fees is inadequate, the district court may reduce the award accordingly. Hensley, 461 U.S. at 433. Work entries are inadequately vague when the district court is unable to discern how the time spent is attributable to the case at hand. Center for Food Safety v. Vilsack, No. C-08-00484 JSW, 2011 WL 6259891 at *8 (N.D. Cal. Oct. 13, 2011). Courts in the Northern District of California have been unable to determine whether billing entries were reasonable because the entries description only consisted of "conferences," "telephone calls," or "review of documents" without describing the subject of the call or correspondence. Prineville Sawmill Co. v. Longview Fibre Co., No. 2003 WL 23957141 at *2 (D. Or. 2003).

Equable argues that 4.1 hours of Berg's hours and 1.7 of Bragg's hours should be reduced because the descriptions are too vague to assess whether they are reasonably related to the work performed. Opp'n at 6. Several of these entries are validly contested. Berg's vague descriptions include 0.3 hours to "review Randall Bragg cases," 0.3 hours to "review associate's Draft," and .25 hours to "review file for telephone conference." Berg Decl.

9

8/08/2011, 1/15/2012, 1/20/2012. It is impossible, for practical purposes, to determine whether these tasks related to the settlement with Equable. It is unclear how Berg's research of Bragg's cases is relevant to Santiago's settlement, especially considering that the two have worked on numerous cases together. Additionally, the work billed for unnamed drafts and telephone calls with unknown parties is too vague to be reviewed. Consequently, the Court reduces Berg's time by 4.1 hours for vague entries. Berg Decl. (8/08/2011, 8/31/2011, 1/07/2012, 1/15/2012, 1/19/2012, 1/20/2012, and 1/24/20120).

### H.     Inconsistent Record Entries

Equable challenges the entries in Berg's and Bragg's time records in which one attorney billed for collaborative work but the other attorney's record do not contain a corresponding entry. Opp'n at 6. Courts in the Northern District have reduced recoverable hours when the inconsistencies in records were "irreconcilable." Cotton v. City of Eureka, Cal., 899 F. Supp. 2d 1154, 1179 (N.D. Cal. Aug. 24, 2012).

The large amount of entries in both attorneys' records for phone calls with the other that lack a corresponding entry raises suspicion about the accuracy of the records. Bragg's records for May, 2012 show 5 calls to co-counsel while Berg's records contain no entries for calls during that period of time. Therefore, 1.25 hours billed by Berg and 2.4 hours billed by Bragg shall be eliminated for inconsistent entries. Berg Decl. (1/18/2012, 2/16/2012, 2/29/2012, 9/11/2012); Bragg Decl. (1/23/2012, 1/27/2012, 4/05/2012, 4/10/2012, 4/11/2012, 4/20/2012, 4/24/2012, 5/01/2012).

### I.     Supplemental Award of Attorneys' Fees

The Court GRANTS in part and DENIES in part Santiago's request for fees incurred in bringing the instant motion. Santiago requests $13,789.50, which consists of $13,414.50 for 27.1 hours of Bragg's work, billed at his $495.00 hourly rate, and $375 for 3 hours of Bragg's paralegal's work, billed at her $125.00 hourly rate. Supp. Bragg Decl. ¶¶ 4-11. The "time spent in establishing the entitlement to and amount of the fee is compensable." Camacho v. Bridgeport Fin., 523 F.3d 973, 981 (9th Cir. 2008) (citing In re Nucorp Energy,

10

1 Inc., 764 F.2d 655, 659-60 (9th Cir. 1985)). The calculation of so called "fees-on-fees" also
2 uses the lodestar method. Id. at 983.

3 The hours included in Bragg's supplemental time sheet primarily consist of legal
4 research and writing. Supp. Bragg Decl. Ex. 1. However, the time that Bragg has billed for
5 recovery of attorneys' fee is excessive. Courts in the Northern District of California have
6 reduced recoverable hours, on the grounds of being excessive, when the attorneys have billed
7 significant time for the preparation of motions that are extremely similar to the motions they
8 have filed in other cases. Bretana v. Int'l Collection Corp., No. C 07-5934 JF (HRL), 2010
9 WL 2510081, *5 (N.D. Cal. June 17, 2010). Recognizing that some lawyers representing
10 FDCPA claims have made a practice of using "cookie-cutter" documents, the district court
11 modified recoverable hours to reflect time spent on the specific case. Id.

12 Bragg has billed 7.2 hours at his hourly rate for work done preparing the Motion and
13 Memorandum of Points and Authorities in Support of Plaintiff's Motion for Attorney Fees
14 and Costs, and 14.9 hours preparing the Reply. Supp. Bragg Decl. Ex. 1. The motion and
15 memorandum that he and Berg submitted contain sections that are substantially identical to
16 the motion and memorandum for attorneys' fees that he and Schwinn submitted in Bretana v.
17 Int'l Collection Corp. (dkt. 114-2). Although the Court does not "criticize counsel for
18 choosing not to reinvent the wheel every time a fair debt collection action is brought," it is
19 appropriate to reasonably reduce the hours. Bretana, 2010 WL 2510081, at *5.

20 Although a Reply, by it very nature, has to be specifically tailored to the case at hand,
21 the inventory of arguments in opposition of recovering attorneys' fees are limited and
22 regularly employed. Experienced counsel, such as Santiago's, are well versed in facing and
23 responding to those arguments. Consequently, the Court reduces Santiago's supplemental
24 hours by 7.1 hours. Santiago will recover the 20 hours his lawyer spent litigating attorneys'
25 fees at the determined rate of $475 per hour, and also be awarded fees for the three hours for
26 work done by the paralegal at $125 per hour.

27 //
28 //

11

## IV. CONCLUSION

The Court awards Santiago attorneys' fees in the amount of $88,782.56— $22,596.25 for Berg's fees and $66,186.31 for Bragg's fees. The requested fees and costs, as well as the recoverable fees and costs, are delineated in the tables below:

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

| Berg: Total Recovery | | | |
|---|---|---|---|
| **Hours Billed** | **65.3** | | |
| Voluntary Reduction | 0.5 | Vague Descr. Reduction | 4.1 |
| Clerical Reduction | 6 | Inconsistent Reduction | 1.25 |
| Paralegal Reduction | 0.4 | | |
| Total Attorney Hours | 53.05 | | |

| Type of Hours | Total Hours | Rate | Total |
|---|---|---|---|
| Attorney Hours | 53.05 | $425.00 | **$22,546.25** |
| Paralegal Hours | 0.4 | $125.00 | **$50.00** |
| | | **Total:** | **$22,596.25** |

| Bragg: Total Recovery | | | |
|---|---|---|---|
| Hours Billed | 115.5 | | |
| Voluntary Reduction | 0.3 | Inconsistent Reduction | 2.4 |
| Clerical Reduction | 2.6 | | |
| Paralegal Reduction | 1.4 | | |
| Total Attorney Hours | 108.8 | | |

| Type of Hours | Total Hours | Rate | Total |
|---|---|---|---|
| Attorney Hours | 108.8 | $475.00 | $51,680.00 |
| Paralegal Hours | 1.4 | $125.00 | $175.00 |
| Supplemental Hours | 20 | $475.00 | $9,500.00 |
| | | **Total:** | **$61,355.00** |
| | | **Travel Expenses:** | **$3,606.31** |
| | | **Grand Total:** | **$64,961.31** |

| Carter: Total Recovery | | | |
|---|---|---|---|
| **Type of Hours** | **Total Hours** | **Rate** | **Total** |
| Paralegal Hours | 6.8 | $125.00 | $850.00 |
| Supplemental Hours | 3 | $125.00 | $375.00 |
| | | **Total:** | **$1,225.00** |

| Total Plaintiff Recovery | |
|---|---|
| **Attorney** | **Compensation** |
| Berg | **$22,596.25** |
| Bragg | **$64,961.31** |
| Carter | **$1,225.00** |
| TOTAL: | **$88,782.56** |

For the foregoing reasons, the Court GRANTS Santiago's motion in part and DENIES the motion in part.

**IT IS SO ORDERED.**

Dated: July 12, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE